OPINION
Defendant-appellant/cross-appellee Ray Hunter appeals the April 16, 2004 Judgment Entry of the Stark County Court of Common Pleas denying him spousal and child support, and dividing the parties' marital property. Plaintiff-appellee/cross-appellant Sharon Hunter appeals the trial court's division of the marital property.
 STATEMENT OF THE FACTS AND CASE
The parties were married on August 14, 1969. Two children were born as issue of the marriage, both now adults. However, the parties' daughter has been mentally disabled since birth.
Appellee filed for divorce on July 15, 2003. Subsequent to the parties' separation, the mentally disabled daughter resided with appellant. She receives $375.00 per month in SSI benefits. Appellee is the designated payee for the benefits.
Appellant is a fifty-nine year old retiree. He retired from the Ohio State Highway Patrol in 1994, and receives approximately $2,246.00 per month from his pension. Appellant receives an additional $3,671 per year installing garage door openers and working as a MRDD coach. Appellant's monthly expenses approximate $4000.00.
Appellee is fifty-one years old. She is employed by Stark County Board of Mental Retardation and earns between $19,000.00 and $21,000.00 per year. Her expenses approximate $2,684 per month.
The marital residence was valued at $250,000.00, and the amount owed approximates $126,500.00. During the marriage, appellee inherited $44,000.
The trial court valued appellant's pension at $483,589.00 and appellee's at $97,818.00, with deferred compensation of $33,822.00.
The trial court, via an April 16, 2004 Judgment Entry, found appellee was not required to pay child support for the parties' mentally disabled daughter, because appellant had not requested child support during the proceedings. Further, the trial court determined spousal support was not appropriate or reasonable. Finally, the court divided the marital assets equally, awarding each party assets totaling $208,452. The trial court divided appellant's monthly pension payment equally between the parties while appellee retained her full pension plan.
It is from the April 16, 2004 Judgment Entry appellant now appeals, assigning as error:
"I. The trial court abused its discretion by failing to award spousal support to appellant.
"II. The trial court abused its discretion in dividing the parties' property.
"III. The trial court abused its discretion by failing to award child support to appellant."
 I, II, III
Each of the assignments of error raise common and interrelated issues; therefore, we will address the assignments of error together.
Appellant argues the trial court abused its discretion in failing to award him spousal support. Specifically, appellant maintains he cannot pay his reasonable living expenses due to the trial court's denial of spousal support combined with the trial court's division of the marital property. Appellant references appellee's receipt of $2,800 per month with her living expenses of $2,600 per month, compared to his receipt of $1,400 per month with his living expenses of $4,000 per month. Appellant argues he does not have the earning ability appellee enjoys since he is retired and cares for the parties' mentally disabled daughter. Appellant argues the trial court should have considered appellee's employment earnings and inheritance in determining whether to award spousal support.
The trial court's April 16, 2004 Judgment Entry states:
"Spousal Support
"8. The Court has considered all of the spousal support factors and finds that spousal support is not appropriate or and reasonable. Section3105.18(C)(1)."
The statute cited by the trial court states:
"(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."
Our review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
Upon review of the April 16, 2004 Judgment Entry, we conclude the trial court properly considered the factors set forth in the statute relative to the determination of spousal support, and, under the facts of this case, we do not find the trial court abused its discretion in determining spousal support was not reasonable or appropriate.
Appellant further maintains the trial court abused its discretion in dividing the marital property. Appellant cites the trial court's decision to equalize the parties' assets by awarding appellant the marital residence and half of his pension, while awarding appellee her entire pension and half of appellant's pension. Appellant argues this leads to the inequitable result appellant only receives approximately $1,400 per month to pay living expenses while caring for the parties' daughter.
The trial court awarded each party assets totaling exactly $208,452.
R.C. Section 3105.171 states:
"(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section.
* * *
"(F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
"(1) The duration of the marriage;
"(2) The assets and liabilities of the spouses;
"(3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
"(4) The liquidity of the property to be distributed;
"(5) The economic desirability of retaining intact an asset or an interest in an asset;
"(6) The tax consequences of the property division upon the respective awards to be made to each spouse;
"(7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
"(8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
"(9) Any other factor that the court expressly finds to be relevant and equitable." As noted above, the trial court awarded each party an equal distributive amount of $208,452. Upon review of the trial court's judgment entry, the trial court did not abuse its discretion in dividing the marital property and the court properly considered the factors set forth above.
Finally, appellant argues the trial court abused its discretion in failing to award child support to appellant. Again, decisions on child support obligations fall within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142.
Appellant testified at trial:
"Q: Okay. At this time are you making any request for child support to be paid?
"A: Nothing."
The April 16, 2004 Judgment Entry finds:
"4. There are two children born issue of this marriage, both of whom are emancipated; however, one child is mentally disabled and receives $375 per month in SSI benefits. The husband cares for this child, but is not making a claim for support."
In light of the above, we find no abuse of discretion in not awarding appellant child support.[1] Appellant's three assignments of error are overruled.
On cross-appeal, appellee/cross-appellant assigns as error:
"I. THE TRIAL COURT ERRED IN NOT DIVIDING ALL OF THE MARITAL ASSETS."
Appellee/cross-appellant cites R.C. 3105.171, which reads:
"(B) In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses."
Appellee/cross-appellant argues the trial court failed to account for and equally divide all of the marital assets. Specifically she asserts the trial court failed to consider tools owned by appellant/cross-appellee worth $1,000, contents of the marital home worth $7,000, $7,800 which appellant/cross-appellee obtained from the sale of land; the parties' van and $11,000 from the estate her mother left her.
The April 16, 2004 Judgment Entry states:
"Household Goods and Belongings
"6. Each party shall keep the household goods and belongings in his or her possession."
With regard to the proceeds to the sale of land, the trial court had the discretion to accept either party's testimony as true. Appellee/cross-appellant argues to the trial court appellant/cross-appellee committed financial misconduct by allegedly secreting the money, and appellant/cross-appellee denied the allegations. Therefore, the trial court did not abuse its discretion in not considering the proceeds.
Finally, appellee/cross-appellant argues the trial court failed to credit her with the monies from her inheritance. However, the trial court's entry states:
"Separate Property
"3. The wife shall retain her $11,000 inheritance funds and her 2001 Ford Explorer Sport Trac. O.R.C. Section 3105.171(A)(6) and (B)."
Therefore, upon review we find the trial court did not abuse its discretion in dividing the marital property, and appellee/cross-appellant's assigned error is overruled.
Based upon the above, the April 16, 2004 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Hoffman, J., Boggins, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the April 16, 2004 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs to be divided equally.
[1] Although not specifically addressed, assigned as error and unable to be definitively clarified at oral argument, it would seem equitable appellant should receive the SSI benefits attributed to his care of the parties' mentally disabled daughter. However, this issue is not directly before the court at this time.